Good morning, and may it please the Court, Allison Ellert on behalf of Appellant Mark Young. With the Court's permission, I'd like to reserve three minutes of my time. The District Court in this case improperly surrendered its jurisdiction, and in so doing it deprived Mr. Young of the opportunity to litigate his tort claim against Defendant Vrycek, the trustee of Mr. Young's mother's estate. At the same time, the District Court foreclosed Mr. Young's ability to ever again assert claims against the ten defendants he sought to dismiss by dismissing them with prejudice. Even though as to seven of those defendants, the District Court lacked the power to dismiss with prejudice. And as to the remaining three, the Court failed to follow the correct procedures for imposing the with prejudice proviso. Now, I'd like to start with the jurisdictional issue since if the Court were to reverse on that question, the case would return to the District Court for further proceedings. The District Court held that it lacked subject matter jurisdiction over Mr. Young's negligence claim against Defendant Vrycek owing to the probate exception, the Rooker-Feldman doctrine, and the Younger abstention doctrine. Now, tellingly, I think Defendant Vrycek really does not argue in his supplemental briefing that the District Court was right to rely on any of those three doctrines. And that's because, in fact, it was not correct. Let's start with the probate exception. That doctrine grows out of the principle that probate matters are left to the special expertise of the state probate courts. Now, in 2006, the Supreme Court decided Marshall v. Marshall in which it made clear that the probate exception does not extend nearly as far as the lower federal courts had understood. The Marshall Court held that if the claim in federal court does not require that court to probate a will, administer a trust, or dispose of assets in the custody of the state court, then federal jurisdiction is not barred. Now, here, the federal circuit courts interpreting Marshall have held that ordinary tort claims, like Mr. Young's negligence claim, remain cognizable in federal court after Marshall, even if they are, in the Second Circuit's words, intertwined with issues and facts litigated in the state probate court. Now, here, Mr. Young is seeking a damages, an in personam damages judgment against defendant Vrechek that will not in any way require the federal court to make any decisions concerning the assets before the state probate court. So let me try here to confront what I think is defendant Vrechek's best argument, although it's really not one he raises in his supplemental briefing. His best argument goes something like this. Mr. Young filed in the state probate court a removal petition to oust him as trustee. That petition was denied. And he is now in the federal court, by way of this negligence claim, seeking to relitigate the same facts and issues under a different legal label. It might be his best argument, but it's not a winning argument, and here's why. As we've already discussed, the removal petition and the negligence claim are distinct legal claims, and they seek distinct relief. The removal petition sought defendant Vrechek's removal as trustee. The negligence claim seeks a damages award directly out of Mr. Vrechek's own pocket. Second, the legal standards governing these two types of relief are separate, and here I would refer the court to the report of Special Master Graham to the state probate court concerning how Mr. Young's removal petition should be disposed of. That's at page 1208 in the supplemental excerpts of record. And there, Defendant Graham made clear that the removal of a trustee is a drastic measure. It is not to be undertaken lightly by a state court, and the proponent of a removal petition bears a burden of proof by clear and convincing evidence, which is obviously a higher standard of proof than the ordinary preponderance of the evidence which would apply to the negligence claim. So I say all this by way of saying that, by way of making the point, that Mr. Young could prevail on his negligence claim. He could lose, as he has to date, in the state court on the removal petition, and those two outcomes, given the divergent legal standards at play in each forum, would not be incompatible. So the probate exception is simply inapplicable here for all of those reasons. Now to quickly get through the Rooker-Feldman Doctrine and the Younger Extinction Doctrine, Rooker-Feldman is likewise a very narrow doctrine that says if the claim in federal court has, as its basis, an injury caused by a state court order or ruling, then federal jurisdiction will not lie. Alternatively, if the claim in federal court is based on an injury caused by the opposing party, federal jurisdiction is not precluded. And that's precisely what we have here. Mr. Young, through his negligence claim, is not complaining about anything that the state court did to him. He's not complaining that he's been injured by any ruling of the state court. He's complaining that he's been injured by the maladministration of the state assets caused by the opposing party, defendant of reject. So the district court erred in relying on Rooker-Feldman. Finally, the district court erred in relying on the Younger Extinction Doctrine. At bottom, Younger is about a federal proceeding enjoining a state proceeding or having the practical effect of doing so. For all the reasons we've already discussed, there is no risk of that here. The negligence claim can be adjudicated by the federal court without that interfering in any way with the state court probate proceedings. So the district court just dismissed this Mr. Richard? I just said Richek. Richek. Solely on this jurisdictional basis, correct? That's right. It never touched on whether the negligence claim was futile with respect to him. That's right. It solely made a jurisdictional ruling. Now with the other two defendants who were left, the district court said that the claims as to them were futile. Is that right? Right. And you're not pursuing those are? Those are not appealed. Those are not appealed. Those are not an issue. Well, let me clarify a little bit what's before the court. Aren't we talking just about Mr. Richek here? We are in the supplemental briefing, Your Honor. Well, you did. What are you asking for? Well, we're asking for the district court to vacate the jurisdictional ruling as to defendant Richek and return it to the district court for further proceedings. But what I want to make clear to the court is that I was appointed as pro bono counsel before or, excuse me, after the initial briefing in this court was completed. We filed supplemental briefing, which raises the two issues, the jurisdictional issue, the Rule 41 issue. We're submitting on the other issues that were raised in the original briefing. If the court doesn't have any other questions on the jurisdictional issue, I'll move on to the Rule 41 issue. So, I mean, the bottom line is you believe that the original issues raised in the first brief are still live. They are not subsumed into your briefing. I am not before the court making any arguments. I understand that. I'm just saying. The question is, are those claims extinguished at this point, or are you just submitting them without argument? My understanding is that they are still alive for purposes of this court. All right. That's all I need to know. The Rule 41 issue. Rule 41 has two subparts that are applicable here, subpart A1 and A2. A1 applies when the defendants have filed neither an answer nor a summary judgment motion. Under those circumstances, a plaintiff retains an absolute, unfettered right, in the language of this court's prior holdings, to dismiss a defendant without prejudice. A2 is triggered when there has been an answer or a summary judgment motion. In that case, a plaintiff seeking to dismiss must seek the permission of the district court, and the court has the power to impose conditions that it deems just upon the dismissal. Now, here, seven of the ten defendants had neither answered the complaint nor moved for summary judgment. So Mr. Young retained the right to dismiss them without prejudice, and the district court erred by entering that dismissal with prejudice. Under this court's precedence ---- The district court already entered a dismissal, correct? That's true, Your Honor. But I ---- and certainly the district court, in its order, relied on the fact that it had already dismissed the original complaint. He dismissed with prejudice. But I think where the district court erred was in confusing what had been dismissed. True, the original complaint was dismissed, but the case remained pending. The defendants all remained parties to the case, so they were not dismissed. And in this regard, the Third Circuit's dismissal ---- What did the district court do? Did the district court dismiss each defendant, dismiss the action, dismiss ---- Well, the district court dismissed the complaint and gave Mr. Young an opportunity to file a motion to replead, which he did. So all of the defendants remained parties to the action at that point. And here I would point the court to the Third Circuit's ---- But then he filed his motion. He filed a motion for leave to file an amended complaint. But before that, he filed a motion to dismiss. Yeah, maybe I can clarify procedurally. The original complaint was dismissed. The district court granted him leave to file a motion to amend. He did that. Before the briefing on that motion seeking leave to amend was concluded, he files two things, which is what you're referring to, a new motion seeking leave to file the tort complaint and the Rule 41 motion to dismiss 10 of the original 13 defendants. Right, so in the new complaint, the new complaint is only against three defendants. That's correct, defendant Rechak and two of his attorneys. So the district court says, well, you know, looks at it and says, he's not intending to go ---- he's not finding ---- it looks like he's not intending to proceed his claims against these other defendants. He's already dismissed them. And the district court writes, you know, it looks like they should be dismissed with prejudice, and if new evidence comes up, you can always come back to me and I'll reconsider and reopen. That's true, Your Honor. What's wrong with that? Well, it's ---- all of those considerations are completely immaterial, at least to subpart A-1. The only requirements under the plain language of subpart A-1 of the rule and as interpreted by this Court is whether there's an answer on file or a summary judgment motion. And so ---- What you're saying, though, is that the court must always treat a A-2 motion as an A-1 in that circumstance. Well, I don't think the fact that you ---- That's what you're saying, isn't it? I think if the requirements of A-1 are satisfied, that no matter how the plaintiff captions the motion, the court has to look at A-1 and comply with its requirements. So even though it's an A-2 motion, you know, it looks all proper and the judge says it should be granted. Right. I don't think that the captioning of the motion or the fact that it was a motion rather than a notice is dispositive here. That's merely a matter of nomenclature. And here's what I would ---- I would point the Court to two other things. I don't know why the judge ---- What you're saying is the judge must in that situation treat it as an A-1. End of story. That is what I'm saying. Mr. Young made it clear during the briefing on the motion to dismiss that he was seeking dismissal with prejudice. And I think that should have prompted the district court to look at the entirety of Rule 41 and not just subpart A-2. But there's been some history of this case. I mean, first of all, let's assume that the first ---- the district court dismisses and the only amended complaint tendered is against the trustee. Okay. What happens at that point? If judgment is ultimately entered, then it's dismissed with prejudice, right? That's right. All right.  the ten defendants were going to be dismissed with prejudice. So he files a new complaint, and undoubtedly the district court would have dismissed it with prejudice because it was duplicative of his old complaint. But he decides to withdraw it. I guess the question I have, how can a plaintiff have a right to convert a dismissal with prejudice to a dismissal without prejudice simply by filing a new complaint and then withdrawing it, dismissing it voluntarily? Do you see what I'm saying? Well, let me try and answer it this way. And if I haven't answered your question, maybe we can try again. I think that under this Court's precedence, an A-1 filing deprives the court of jurisdiction, that the court can't enter any further orders once the circumstances of A-1 are satisfied. Now, it seems to me that just because he erroneously captioned the motion A-2 ---- actually, it wasn't even erroneously captioned. Three of the defendants could only be dismissed under A-2. So it made sense that he filed a motion. He simply should have expressly invoked A-1 as well as A-2. But I don't think the ---- Well, maybe not. Well, go ahead with your argument. It doesn't make sense to me in the circumstance where you've already had a dismissal, I guess is what I'm saying. Where the court has already acted to dismiss really with prejudice, I'm not sure you can convert to make the ---- convert that dismissal to be without prejudice simply by filing an amended complaint and then withdrawing it under a ---- ostensibly under subsection A. Well, there had been, first of all, no adjudication of the amended complaint he filed because he filed the dismissal motion before that could be adjudicated. And again, I think the Third Circuit's opinion in In re Bath and Kitchen Fixtures speaks to what you're talking about. The procedural posture was parallel to that here in that there was no operative complaint on file. The original complaint had been dismissed. One day before the plaintiffs were to file their amended pleading, they filed a Rule 41 dismissal notice. And the Third Circuit holds that the fact that the amended complaint hadn't been filed, that there was no operative pleading on file, that the original complaint was dismissed was immaterial, that the plaintiff still retained the right given the strict requirements of Rule 41 to dismiss without prejudice, and that the procedural posture didn't result in a forfeiture of his A1 rights. The other point I would try and make is that, going back to the issue that an A1 filing deprives the court of jurisdiction. Now, I don't think by miscaptioning the motion, jurisdiction in the court can somehow be restored if the requirements of A1 are satisfied. Well, you're not talking about jurisdiction in the sense of federal jurisdiction. There was jurisdiction. What you're saying is there's nothing. One, your position is that as long as it's an A1 situation, there's nothing there. Once that notice of dismissal is filed, end of story. That's right. That would be our position on A1. So your whole point, though, is that despite the fact that the district court judge had already entered a dismissal as to these, clearly as to these seven defendants, that just because Mr. Young styled his motion, or styled his motion rather than the request, the judge was obligated to treat it as an A1. I think knowing that Mr. Young was seeking dismissal without prejudice, as certainly the district court and the defendants knew, it obligated the district court to, as I said, look at all of Rule 41, including subpart A1. And the district court didn't analyze the dismissal motion in its written opinion in terms of either subpart A1 or A2. So I think the district court did need to do that. I realize that your client, or not, you know, the plaintiff here, he's pro se, but isn't he an attorney before he's been admitted to practice law? He is, Your Honor. Are you mistaken about that? You are not mistaken, Your Honor, and I would not make the ordinary arguments one might make on behalf of a pro se litigant given that fact, although I would point out that this was a licensed attorney for whom this court appointed pro bono counsel. So that fact might be. Why do you care about this issue in the real world? I mean, it looks like these claims look futile to me, these claims against a 10 defendant. I know you're representing your client, Your Honor, instructions, but in the real world, why does it make any difference? Mr. Young feels very strongly that certain of these defendants are ones that he should be able to, in time, pursue claims against in the future. He feels very strongly that there is a cognizable claim that could be pleaded against Bishop Estate, and he wants to retain the right to do that. Well, does it make any difference that the district court, when the district court in its order said, hey, look, you know, it's obvious he didn't have, he now is acknowledging that he didn't have sufficient information to sue all these defendants, and he's concerned that if he learns through discovery or through that he might have a claim against these defendants that he wants to pursue, he can come back and ask to proceed against these defendants. Well, I think... What's wrong? Does that change the situation at all? I think it does, because for two reasons. I think it would still be a clear departure from the requirements of Rule 41, and second, the standards for attempting to reopen a judgment are very high, and so given that we think 41A1 authorizes him to dismiss without prejudice at least those seven who had not answered or moved for summary judgment, we don't think he should be put to the additional burden later on to seek to reopen the proceedings. Do you have a variation of this argument, which is that the district court was required to give him notice? This is an A2 argument, and three of the defendants had answered, so the only way Mr. Young could dismiss them was by leave of the district court. We certainly concede that the district court was free to condition that dismissal, but what we object to is that the district court did not follow this court's precedents in Lau and Union Oil by alerting Mr. Young to the fact that it was going to condition the dismissal and then giving him a reasonable opportunity to decide whether he wanted to withdraw the with prejudice condition. He knew that there was a possibility that it was going to be with prejudice. He certainly knew that there was a possibility, given, as the defendants point out, the magistrate judge recommended dismissal with prejudice. So why isn't any error on notice harmless? I mean, there were motions filed to dismiss with prejudice. The magistrate judge took action to dismiss with prejudice. Why doesn't that make any error as to notice harmless? Well, there was no guarantee that the district judge was going to accept the recommendation of the magistrate judge. No guarantee to give notice that he's not going to file a dismissal with prejudice either. The question is, does he have enough time to act? No, he does not have enough time. Why do you say that? Because the district court entered the dismissal of the 10 defendants and entered final judgment all in the same day. So he didn't have time to act. No, I understand that, but I mean, he had plenty of notice that there was some contemplation of dismissal with prejudice. That's my point. Well, I think he was entitled to know exactly what the district court was going to do, what the district judge was going to do. The district judge reviewed the magistrate judge's findings and recommendations de novo, as she was obligated to do, and so there was always the possibility that she would reject the magistrate judge's recommendation. And this is exactly the Sixth Circuit's opinion in the Michigan surgery case, in which it says that a plaintiff need not make a decision as to whether he's going to withdraw a motion or consent to the condition on the basis of what a district court might do. And that's all we had here. That's all Mr. Young could do was predict what the district judge might do. He didn't know for sure until she told him that she was prepared to dismiss with prejudice. And then once she did that, he didn't have an opportunity to react because the final judgment was entered at the same time. So I see my time has expired. Yes, it is. Thank you. Thank you, Counsel. Good morning, Your Honors. My name, again, is Jeffrey Sia, and I'm here representing Appalese Corbett Kalama and Douglas Ng, and I've been designated by other defense counsel for the other Appalese, and specifically Defendant Appalese Robert Bruce Graham, Ashford and Wriston, the Honorable Colleen Harai, Judge of the First Circuit Court, State of Hawaii, Jason Tani, Frank Kanemitsu, and Ronald Sakamoto to address the court. And then Mr. Rutherf, who represents Defendant Appalese James Vrecek, will address the court as well. Very briefly, on behalf of the Appalese who asked me to and for my own clients to address the court, we submit on our briefs with respect to my clients, Mr. Kalama and Mr. Ng, as far as I can perceive, I believe the only issue relating to them is this question of whether the dismissal should have been with or without prejudice. And I submit on my briefs with regard to that particular issue. And unless the court has any questions with respect to that, I'd like to turn it over to Mr. Rutherf to address the court on the issues pertaining to Appalese Vrecek. Thank you, counsel. May it please the court, I'm Jerry Rutherf, attorney for James Vrecek, which is the trustee designated in the living trust of the plaintiff's mother. And the court asked about Mr. Young's status as an attorney. He's not only an attorney, he has an MBA degree, and he's been licensed in four different states. Maybe he doesn't practice in federal court. I'm not sure what his practice is, Your Honor. He can pass the bar in four different states. I assume he can read the court's rules. The magistrate judge's order gave clear notice to Mr. Young as to the distinction between the findings and recommendations as to which he should submit objections, if he so wished, and the order denying leave to amend, which required him to appeal. He did not, in fact, appeal from the order denying leave to amend. He submitted objections. Now, in some circumstances, the court might well overlook the deficiency in pleading. But this is not the ordinary case. Mr. Young is an abusive litigant. He filed his lawsuit against the probate judge, against the master. He made wild and ridiculous allegations. He, in effect, accused the defendants of plotting to murder him and alleged that the felony murder rule was applicable in Florida, where he was a resident. This is just a long continuation of his upset at the fact that his mother decided to make a bequest to a religious organization shortly before he died. And she also changed the terms of her will or her trust so that the plaintiff and his brother no longer had the power to remove the trustee in their discretion. So he was and continues to be upset with that. The practical effect of allowing him to proceed in federal court will be to prevent the disbursement of funds in the probate court. As Plaintiff Young's pleadings established, he and his brother are the sole residuary beneficiaries. Why does it differ from any ordinary tort case that's filed against in a state, though? I mean, we have tort cases all the time, wrongful deaths and so forth, where a state's involved and potentially no insurance. And those are filed routinely in federal court. It doesn't implicate the probate exception. Why is this different? Well, the only difference is you have discretion not to overlook the procedural deficiency in his pleading. He did not, in fact, appeal from what became a final order of the magistrate judge. Now, in your discretion, you can overlook that. What I'm suggesting is in this case, and given the history of this case, and given the fact that Mr. Young's brother is not a party to this, what I view as ridiculous case, that the fact that it will prevent distributions to his brother and, I mean, you have two courts dealing with this. Right, but are you conceding, basically, that if we take it up on the merits, that the district court does have jurisdiction over this claim? Yes, I think in light of the Supreme Court's decision that I won't waste time arguing. In Marshall? Yes. And Rooker-Feldman doesn't seem to me to apply to this case. I agree, it's not applicable. Okay, I think we understand. Your position is it's a discretionary call with us because of the lack of objection to the magistrate judge's order and, therefore, that's your argument. Yes, and just reviewing plaintiff's complaint, I think you'll see the mischief that results from allowing plaintiff to have two forms to deal with his ego and his emotional upset at his mother's virtual deathbed amendment to her trust. Did you argue for the district court that his claims against your client were futile? No, there was no – no, I didn't, Your Honor. As to your client, at least, the district court has said nothing. Exactly, and the issue is my client stands in different footing than the attorneys. I mean, he's alleged a simple negligence claim against my client, which, you know, there's ongoing probate proceedings. He has the perfect opportunity to raise any issues in the probate proceeding. The probate judges that he didn't like – I mean, he filed his lawsuit, then immediately moved to stay the state court proceeding. Then he moved to stay this proceeding. I mean, this whole history of this case is not, you know, a typical lawsuit, and he's not a meritorious plaintiff. No, but we're talking about jurisdiction. That's sort of a different matter. Yes, I agree. If he had filed a simple negligence claim originally, he would have been allowed to proceed. But you have the opportunity to kill this case and let him pursue his remedies in state court where they belong, and it's my request that you do so. What's the status of the state court litigation today? The petition to remove trustee was denied, and it's up on appeal. The challenges to the validity of his mother's – of the amendments to the trust, that was settled on the eve of trial. The religious organization made a modest concession as to what their request would be, and so that's settled with prejudice. So that's where it is. And the trustee will – at the time that the litigation's concluded, the trustee will file his final accounts, disperse the money, and that will be subject to challenge or approval. And what you're saying is that that's all in limbo because of this case? Yes. So the only thing left to do then is probate the distribution. No, there's still assets to sell to satisfy the bequest to the religious organization. But in the long run, this case and any inevitable appeal from the outcome of this case will delay the distribution of the – Well, I mean, leaving aside this litigation, what's your best guess as to the approximate time it would take to close the probate? We're talking about the sale and so forth of the other assets. Oh, the – everything except this case can be resolved within six months. Yes. If there are no more questions, I will – Thank you, Kevin. Thank you. I'll give you a few minutes. I probably won't even need that much time, Your Honor, unless you all have further questions. I would only respond to the point that my opposing counsel makes as to whether Mr. Young properly appealed from the magistrate judge's jurisdictional ruling. And I think this is your proverbial form over substance argument. There was certainly no dispute in the district court that he had properly appealed, that he had properly sought review of the magistrate judge's holding to the district court. And so I don't think this local rule argument is well taken. If there are no other questions, we would ask the district court to – or excuse me, ask this court to reverse on the jurisdictional and Rule 41 holdings. Thank you. Thank you.
judges: Reinhardt, Thomas, Paez